**FILED**
CLERK, U.S. DISTRICT COURT

05/25/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>MALIK POWELL,<br>KHAI MCGHEE,<br>  aka "Cameron Smith," and<br>MARQUISE GARDON,<br><br>            Defendants. | CR 2:21-cr-00256-JFW<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1951(a): Conspiracy to Interfere with Commerce by Robbery and Interference with Commerce By Robbery; 18 U.S.C. § 924(c)(1)(A)(i), (ii), (iii): Possess, Use, Carry, Brandish, and Discharge a Firearm During and in Relation to, and in Furtherance of, a Crime of Violence; 18 U.S.C. §§ 981(a)(1)(C), and 924(d)(1), and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

1.   At times relevant to this Indictment, the Richard Mille model RM 11-03 Rose Gold Flyback chronograph ("Victim 1's wristwatch") stolen on March 4, 2021 was worth approximately $500,000

and was covered by an insurance policy with Jeweler's Mutual, located at 24 Jewelers Park Dr., Neenah, Wisconsin 54956.

2.  At times relevant to this Indictment, Il Pastaio, a restaurant located at 400 N. Canon Drive, Beverly Hills, California ("Il Pastaio"), purchased, sold, and distributed products in and affecting interstate and foreign commerce, including products manufactured outside of the state of California.

B.  OBJECT OF THE CONSPIRACY

Beginning on a date unknown, and continuing to on or about March 4, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendants MALIK POWELL, KHAI MCGEE, also known as ("aka") "Cameron Smith," and MARQUISE GARDON, and others known and unknown, conspired with each other to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.  MEANS BY WHICH THE OBJECT OF THE CONSPIRACY WAS TO BE ACCOMPLISHED

The object of the conspiracy was to be accomplished, in substance, as follows:

1.  Defendants POWELL, MCGHEE, and GARDON, and co-conspirator 1 ("CC-1") and co-conspirator 2 ("CC-2") would travel to the robbery in defendant POWELL's black BMW.

2.  Defendants POWELL, MCGHEE, and GARDON, and CC-1 and CC-2, would scout potential individuals and areas for a potential robbery.

3.  Defendants POWELL and MCGHEE and CC-2 would assault a victim to commit a robbery, while defendant GARDON and CC-1 would remain in defendant POWELL's BMW.

4. During the robbery, defendant POWELL would control the robbery victim using a loaded firearm.

5. During the robbery, defendants POWELL and MCGHEE and CC-2 would take a high-value wristwatch from the robbery victim.

6. Defendant GARDON would drive defendants POWELL and MCGHEE, and CC-1 and CC-2, away from the scene of the robbery.

D. OVERT ACTS

In furtherance of the conspiracy, and to accomplish the object of the conspiracy, on or about the following dates, defendants POWELL, MCGHEE, and GARDON, and others known and unknown, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1: On March 4, 2021, defendants POWELL, MCGHEE, and GARDON, and CC-1 and CC-2, traveled in defendant POWELL's black BMW to Beverly Hills, California, for the purpose of committing an armed robbery.

Overt Act No. 2: On March 4, 2021, defendants POWELL, MCGHEE, and GARDON, and CC-1 and CC-2, in defendant POWELL's black BMW, drove around Beverly Hills, California, for the purpose of scouting potential armed robbery targets.

Overt Act No. 3: On March 4, 2021, defendant POWELL and CC-1 walked through outdoor dining areas in Beverly Hills, California, scouting potential armed robbery targets.

Overt Act No. 4: On March 4, 2021, defendants POWELL and MCGHEE, along with CC-2, approached Victim 1 at the outdoor dining area of Il Pastaio to commit a robbery.

Overt Act No. 5: On March 4, 2021, defendant POWELL brandished a firearm, namely, a black Glock 19 Generation 5, 9mm

caliber pistol, bearing serial number BRZC854, and used it to threaten and control Victim 1 while defendant MCGHEE and CC-2 attempted to remove Victim 1's wristwatch.

<u>Overt Act No. 6</u>:   On March 4, 2021, during the robbery, defendants POWELL and MCGHEE, as well as CC-2, fought with Victim 1, during which two rounds were discharged from defendant POWELL's pistol, hitting Victim 2.

<u>Overt Act No. 7</u>:   On March 4, 2021, during the robbery, defendants POWELL and MCGHEE, as well as CC-2, removed Victim 1's wristwatch.

<u>Overt Act No. 8</u>:   On March 4, 2021, defendants POWELL and MCGHEE, along with CC-2, fled with Victim 1's wristwatch.

<u>Overt Act No. 9</u>:   On March 4, 2021, defendant GARDON drove defendants POWELL and MCGHEE, as well as CC-1 and CC-2, out of Beverly Hills, California, in defendant POWELL's BMW.

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[ALL DEFENDANTS]

1. The Grand Jury re-alleges the Introductory Allegations in Count One of this Indictment here.

2. On or about March 4, 2021, in Los Angeles County, within the Central District of California, defendants MALIK POWELL, KHAI MCGEE, aka "Cameron Smith," and MARQUISE GARDON, and others known and unknown, each aiding and abetting the other, obstructed, delayed, and affected interstate and foreign commerce and the movement of articles and commodities in interstate and foreign commerce by knowingly and willingly committing robbery, in that defendants POWELL, MCGHEE, and GARDON unlawfully took and obtained property belonging to Victim 1, consisting of Victim 1's wristwatch, with an approximate value of $500,000, from the person of Victim 1, against his will, and in the presence of customers and employees of Il Pastaio, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(i), (ii), (iii); 2(a)]

[ALL DEFENDANTS]

On or about March 4, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendants MALIK POWELL, KHAI MCGEE, aka "Cameron Smith," and MARQUISE GARDON, each aiding and abetting the other, knowingly used and carried a firearm, namely, a black Glock 19 Generation 5, 9mm caliber pistol, bearing serial number BRZC854, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, interference with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and, in so doing, brandished and discharged that firearm.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C) and 924(d)(1); 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One or Two of this Indictment.

2.  Any defendant so convicted shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any of the offenses;

    (b)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

7

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Three of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

9

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

TRACY L. WILKISON
Acting United States Attorney

*Scott M. Garringer*
*Deputy Chief, Criminal Division For:*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOANNA M. CURTIS
Assistant United States Attorney
Chief, Violent and Organized
Crime Section

JOSEPH D. AXELRAD
JEFFREY M. CHEMERINSKY
Assistant United States Attorneys
Violent and Organized Crime
Section

10